# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MILO I. WORTHING, | ) |
| Movant, | ) |
| vs. | ) Civil No. 07-0205-CV-W-FJG-P |
| | ) Crim. No. 03-00041-01-CR-W-FJG |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Currently pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1), filed March 13, 2007. The Court finds that it has jurisdiction over this matter.

On February 3, 2002, Milo Worthing and Billie Brandenburg, were charged in a 23 count indictment with conspiracy in violation of 18 U.S.C. § 371 (Count One), interstate transportation of funds obtained by fraud in violation of 18 U.S.C. § 2314 (Counts 2-14), wire fraud in violation of 18 U.S.C. § 1343 (Counts 15-19), mail fraud in violation of 18 U.S.C. § 1341 (Counts 20-21) and money laundering in violation of 18 U.S.C. § 1957 (Counts 22-23). The case was tried by a jury on June 7-15, 2004. Defendant's motions for judgment at the close of the government's case and at the close of all the evidence were denied. On June 16, 2004, the jury convicted Worthing on all counts. Defense counsel filed a motion for a new trial, which was denied on September 20, 2004. Worthing was sentenced on February 8, 2005 to a total of 10 years imprisonment, three years supervised release, special assessments of $2,300 and restitution of $5,460,408.75. Worthing filed an appeal, which was denied on January 17, 2006. Rehearing and rehearing en banc were denied on March 9, 2006.

Worthing filed his § 2255 action on March 14, 2007.

In his petition for relief, Worthing asserts that his counsel was ineffective because:

1. Counsel failed to argue Worthing's objections to the Presentence Report ("PSR") prior to sentencing;

2. Counsel failed to subpoena or call witnesses and to use exculpatory evidence;

3. Counsel failed to move for an acquittal when the government admitted it had no document to tie Worthing to the conspiracy.

Worthing also argues that:

1. The PSR was not prepared and submitted in compliance with Rule 32 in that the Probation Officer did not submit an addendum to the parties containing unresolved objections;

2. The Court did not make findings of fact on the record regarding the specific objections to the PSR and relied on disputed facts;

3. Counsel on appeal failed to raise on appeal Rule 32 errors that resulted in the imposition of an erroneously high sentence.

## JUDGMENT

The Court has reviewed movant's petition and memorandum (Docs. # 1, 2), respondent's opposition (Doc. # 8), movant's supplemental memorandum (Doc. # 17), respondent's response to the supplemental memorandum (Doc. # 22);and movant's reply suggestions (Doc. # 26) and the record in movant's criminal case, and finds that movant's allegations are without merit. Movant's substantive claims are without merit for the reasons stated in respondent's opposition suggestions. This Court adopts and

2

incorporates by reference herein that analysis as its own.

     For the aforesaid reasons movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1) is hereby **DENIED**.

     No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.


Date: 6/2/08                                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                      Fernando J. Gaitan, Jr.
                                                          Chief United States District Judge